UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PUSHPINDER WALIA, | CASE NO. C09-1188JLR |
| Plaintiff, | ORDER GRANTING MOTION FOR SUMMARY JUDGMENT |
| v. | |
| JOHN E. POTTER, et al., | |
| Defendants. | |

This matter comes before the court on Defendant John E. Potter's motion to dismiss and/or for summary judgment. (Mot. (Dkt. # 46).) Plaintiff Pushpinder Walia brings this action against Postmaster General John Potter, alleging that the United States Postal Service ("USPS") discriminated against her based on her race and national origin. (*See* Compl. (Dkt. # 1).) Defendants move for either summary judgment or dismissal under Federal Rule of Civil Procedure 12(b)(6). (Mot. at 1.) The court enters summary judgment in favor of Defendants, finding that there are no genuine issues of material fact and that Defendants are entitled to judgment as a matter of law.

ORDER- 1

# I. FACTUAL BACKGROUND

Ms. Walia, an East Indian woman, was hired by USPS in 2007 as a "part time flexible" mail processing clerk. (Decl. of Marion Mittet (Dkt. # 47-1) Ex. 1 at 3-4.) Her job was to sort mail and assist with various tasks involved therein. Ms. Walia was hired subject to a 90-day probationary period, during which her performance was to be evaluated by her supervisors to determine whether she could perform the job. (Decl. of Carlos Mendoza (Dkt. # 50) at 2.) Approximately 80 days later, Ms. Walia's job was terminated. (*Id.* at 3.)

Defendants claim that they terminated Ms. Walia because her job performance was poor. During her time on the job, seven different supervisors evaluated her work and found that she was having trouble completing the tasks assigned to her in a timely manner, had poor work methods, did not show initiative, could not multi-task, and was not learning to do her job fast enough. (*See, e.g.*, Mendoza Decl. at 2-3.) Twice during her 80-day tenure, Ms. Walia was formally evaluated by her supervisors. (*See* Resp. (Dkt. # 60-1) Ex. 13 at 38.) She was evaluated after 30 days, and her supervisor rated her "satisfactory" in three out of six categories and "unsatisfactory" in the other three. (*Id.*) This evaluation was comparable to several of her peers. (*See id.* at 38-43.) However, at her 60-day evaluation, Ms. Walia received the same score while many of her peers saw their evaluations improve. (*See id.*) After approximately 80 days, according to Defendants, Ms. Walia's supervisors determined that more training or time on the job would not help Ms. Walia, and that she was simply not able to do her job well enough. (Mendoza Decl. at 2.) This, they claim, is why they fired her.

Ms. Walia argues that she was fired for a different reason, although she presents very little evidence directly supporting her theory. Ms. Walia argues that she was fired because one of her supervisors, Mr. Om Sharma, wanted to retaliate against her husband. (Compl. at 5-9.) Her husband was a USPS employee at the same facility. Ms. Walia argues that Mr. Sharma wanted to retaliate against Mr. Walia because Mr. Walia had complained to the Equal Employment Opportunity Commission about Mr. Sharma. (*See id.*) Mr. Sharma had allegedly denied Mr. Walia an opportunity to advance at USPS because Mr. Walia is East Indian (so is Mr. Sharma) and Mr. Sharma did not want to be accused of favoritism. (*Id.*) Ms. Walia argues that Mr. Sharma set her up to fail at USPS by placing a number of roadblocks in front of her path to success, including requiring her to complete unnecessarily difficult "scheme trainings," instructing employees to humiliate her and give her bad performance reviews, and refusing to let her work on weekends, among other things. (*See generally* Resp.) However, Ms. Walia provides little beyond her own testimony and that of her husband to support her theories. Faced with this lack of evidence, Defendants[1] moved for summary judgment, asking the court to dismiss all of Ms. Walia's claims.

## II. ANALYSIS

A. **Summary Judgment Standard**

Summary judgment is appropriate if the evidence, when viewed in the light most favorable to the non-moving party, demonstrates "that there is no genuine dispute as to

---

[1] The United States Attorney's Office and the United States Attorney General are also named as Defendants in this action.

any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. Cnty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007). The moving party bears the initial burden of showing there is no genuine issue of material fact and that he or she is entitled to prevail as a matter of law. *Celotex*, 477 U.S. at 323. If the moving party meets his or her burden, the non-moving party "must make a showing sufficient to establish a genuine dispute of material fact regarding the existence of the essential elements of his case that he must prove at trial." *Galen*, 477 F.3d at 658. The court is "required to view the facts and draw reasonable inferences in the light most favorable to the [non-moving] party." *Scott v. Harris*, 550 U.S. 372, 378 (2007).

Here, Ms. Walia has the burden of proof at trial on all of her discrimination claims, so Defendants need not make an affirmative showing negating her case before summary judgment is appropriate. Instead, Defendants can show that there are no genuine issues of material fact simply by showing that there is no evidence to support Ms. Walia's various discrimination claims. *Celotex*, 477 U.S. at 325.

**B.    Defendants Are Entitled to Summary Judgment on All Three of Ms. Walia's Claims**

Title VII of the Civil Rights Act of 1964 ("Title VII") prohibits discrimination in federal employment based on race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-16. Ms. Walia alleges three different kinds of discrimination under Title VII: (1) disparate treatment based on race and national origin; (2) "hostile environment" discrimination; and (3) retaliation or reprisal for a protected activity. (*See* Compl. at 3-4.)

The court examines each of these claims in turn, finding summary judgment to be appropriate for each one.

The court analyzes each claim under the burden-shifting approach used for summary judgment motions in Title VII employment discrimination cases. The employee has the initial burden to establish a *prima facie* case of discrimination. *See, e.g., Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006). This creates a presumption of discrimination. *Id.* The burden then shifts to the employer, who must rebut the presumption by producing admissible evidence showing a "legitimate, nondiscriminatory reason" for the challenged action. *Id.* If the defendant does this, the presumption of discrimination disappears and the burden shifts back to the employee to meet the ordinary standard of proof required for summary judgment. *Id.* In other words, summary judgment is not appropriate if, based on the evidence in the record, a reasonable jury could conclude by a preponderance of the evidence that the defendant undertook the challenged employment action for a discriminatory reason. *Id.*

1. Disparate Treatment

To establish a *prima facie* case of disparate treatment in the terms and conditions of employment, a plaintiff must show that: (1) the plaintiff belongs to a class of persons protected by Title VII; (2) the plaintiff performed his or her job satisfactorily, was qualified, and met the legitimate expectations of the employer; (3) the plaintiff suffered an adverse employment action; and (4) the plaintiff's employer treated the plaintiff differently than a similarly situated employee who does not belong to the same protected

class as the plaintiff. *Id.* at 1028; *e.g.*, *Flowers v. Crouch-Walker Corp.*, 552 F.2d 1277, 1282-83 (7th Cir. 1977).

Ms. Walia has not established a *prima facie* case of disparate treatment discrimination based on race or national origin. She has not met her initial burden with respect to element (3); that is, she has not shown that USPS treated her differently than any similarly situated employees not belonging to the same protected class. This is not for lack of trying; Ms. Walia has produced records showing how other USPS employees were treated and evaluated during their probationary periods. (*See* Resp Exs. 9, 10, 12, 13 at 28-30, 33-44.) But this evidence does not demonstrate that any similarly-situated employees not in the protected class were treated differently. (*See id.*) It seems instead to show the contrary, that other employees were treated the same as Ms. Walia in many respects, and that there are no examples of employees who performed similarly to Ms. Walia but were not fired. (*See id.*) Ms. Walia fails to meet her burden with respect to this claim, and therefore summary judgment is appropriate. *See Cornwell*, 439 F.3d at 1028.

Further, this claim would fail even if the court found that Ms. Walia had established a *prima facie* case of disparate treatment discrimination. This is because Defendants have come forward with more than enough evidence to establish a "legitimate, nondiscriminatory reason" for firing Ms. Walia. *See Cornwell*, 439 F.3d at 1028. Specifically, Defendants have produced a substantial amount of testimonial evidence showing that Ms. Walia was fired because she was not able to do her job. (Mittet Decl. Exs. 5-9.; Decl. of Cheryl Cavanaugh (Dkt. # 48); Decl. of Marirose

ORDER- 6

1  Jabonero (Dkt. # 49); Mendoza Decl.; Decl. of Om Sharma (Dkt. # 51).) This showing
2  shifts the burden back to Ms. Walia to meet ordinary summary judgment standards with
3  respect to the elements of her claim, and the court finds that, on the record before it, no
4  reasonable jury could conclude that Ms. Walia has established element (2) of the test for
5  disparate treatment discrimination. *See Cornwell*, 439 F.3d at 1028. That is, a
6  reasonable jury could not conclude on this record that Ms. Walia was performing her job
7  satisfactorily or that she was meeting the legitimate expectations of her supervisors.
8  *Flowers*, 552 F.2d at 1282-83. Defendants have produced a substantial amount of
9  evidence to the contrary, and Ms. Walia has produced no evidence to rebut it. (Decl. of
10 Marion Mittet Exs. 5-9.; Decl. of Cheryl Cavanaugh; Decl. of Marirose Jabonero; Decl.
11 of Carlos Mendoza; Decl. of Om Sharma.) Instead, she offers only opinions and
12 conclusory allegations. (Mot. at 4, 12-13; Mittet Decl. Ex. 1 at 5, 9, 11-12.) It is well-
13 established that an employee's subjective evaluation of her own performance is not
14 enough to defeat summary or create a genuine issue of material fact. *Bradley v.*
15 *Harcourt, Brace and Co.*, 104 F.3d 267, 270 (9th Cir. 1996). Likewise, neither are
16 conclusory allegations, speculation, or unsupported assertions. *Rivera v. National R.R.*
17 *Passenger Corp.*, 331 F.3d 1074, 1078 (9th Cir. 2003); *Nelson v. Pima Community*
18 *College*, 83 F.3d 1075, 1082-83 (9th Cir. 1996). Since that is all Ms. Walia offers, the
19 court finds that there are no genuine issues of material fact and GRANTS summary
20 judgment to Defendants on this claim.
21
22

## 2. Hostile Environment

To establish a *prima facie* case of a hostile work environment due to a protected characteristic, a plaintiff must show that: (1) she was subjected to verbal or physical conduct directed at him/her because of the protected characteristic; (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive as to alter the conditions of employment and create an abusive working environment. *Manatt v. Bank of America*, 339 F.3d 792, 798 (9th Cir. 2003). To determine if an environment is sufficiently hostile or abusive to violate Title VII, courts look at the totality of the circumstances including the frequency and severity of the discriminatory conduct, whether the conduct was threatening or humiliating as opposed to a mere offensive utterance, and whether the conduct unreasonably interfered with an employee's work performance. *Nichols v. Azteca Restaurant Enters., Inc.*, 256 F.3d 864, 872 (9th Cir. 2001). The objective severity of harassment should be judged from the perspective of a reasonable person in the plaintiff's position, considering all circumstances. *Id.*

Ms. Walia has not established a *prima facie* case of hostile work environment discrimination. The court holds that, on the record before it, no reasonable jury could find that Ms. Walia alleges conduct sufficiently severe or pervasive to alter the conditions of employment or create an abusive working environment. (*See* Mittet Decl. Ex. 15 at 23.) Ms. Walia contends that she was subjected to a hostile working environment because she was required to complete a slightly more difficult training regimen than some of her immediate peers, she was not permitted to work on weekends, and she was "humiliated" by a supervisor in front of her peers when the supervisor criticized her

work. Many of these assertions do not support a hostile working environment claim at all, even when considered in the light most favorable to Ms. Walia. For example, Ms. Walia's assertion that she was humiliated does not support a hostile environment claim because it is based only on criticism of her job performance (*see* Jabonero Decl. ¶¶ 5-6), and the Ninth Circuit rejects the idea that performance-related criticism creates a hostile working environment. *See Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1108-09 (9th Cir. 2008). Likewise, Ms. Walia's assertion that she was not permitted to work on weekends does not support her claim. This is because a hostile environment claim must be made up of conduct motivated by the Plaintiff's membership in a protected class. *See Manatt*, 339 F.3d at 798. Here, the uncontroverted evidence establishes that there were only non-racially-motivated reasons why Ms. Walia (and every other new employee) was not allowed to work on the weekends: namely, new employees could not be trained on the weekends. (Cavanaugh Decl. ¶ 13.) Thus, Ms. Walia was not denied weekend opportunities because of her race or national origin, but because she was a new employee.

But even if the court were to ignore the fact that many of Ms. Walia's assertions do not support her claim and are not supported by evidence, the conduct she describes is simply not severe enough or frequent enough for a reasonable jury to conclude that her work environment was hostile. *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 78 (1998) (A hostile environment exists where "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment."); *Faragher v. City of Boca Raton*, 524 U.S. 775, 778 (1998) (Title VII standards are not a

"general civility code" and are sufficiently demanding that they should filter out "complaints attacking 'the ordinary tribulations of the workplace . . . .'").

Ms. Walia's assertions, if true, would not establish that her workplace was "permeated with discriminatory intimidation" or that she was subject to anything more than the "ordinary tribulations of the workplace." *Oncale*, 523 U.S. at 78; *Faragher*, 524 U.S. at 778. Ms. Walia does not show that any of her supervisors' conduct was threatening (other than the implicit threat of termination that came along with being a probationary employee), nor does she allege that the "hostile environment" affected her ability to work. In fact, the opposite seems to be true. The complained-of conduct was geared toward making her work harder and perform better, not worse. The kind of conduct alleged in this case was simply not severe or pervasive enough to create a hostile working environment. Accordingly, the court GRANTS summary judgment to Defendants on this claim.

3. Retaliation

To establish a *prima facie* case of retaliation, a plaintiff must show that (1) she is engaged in a protected activity; (2) she was subjected to an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse action. *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 646 (9th Cir. 2003). If a plaintiff is able to establish a *prima facie* case, the burden shifts to the employer to provide a legitimate, non-retaliatory explanation for the employment action. *Bergene v. Salt River Agr. Imp. and Power Dist.*, 272 F.3d 1136, 1141 (9th Cir. 2001). If this is done, the burden shifts

1  back to the employee to show that the defendant's explanation is merely a pretext for
2  unlawful retaliation. *Id.*

3  Here, the court assumes for the sake of argument that Ms. Walia can establish a *prima facie* case of retaliation (*see* Mittet Decl. Ex. 15 at 23), but even assuming this, her retaliation claim does not survive summary judgment. Defendants provide a legitimate, non-discriminatory reason for firing Ms. Walia: she was not doing her job well enough. Defendants have produced a substantial amount of testimonial evidence demonstrating that this was the reason Ms. Walia was fired. (*See* Decl. of Marion Mittet Exs. 5-9.; Decl. of Cheryl Cavanaugh; Decl. of Marirose Jabonero; Decl. of Carlos Mendoza; Decl. of Om Sharma.) This is more than enough evidence to shift the burden back to Ms. Walia to show that Defendants' explanation is a pretext for unlawful retaliation. *Bergene*, 272 F.3d at 1141.

13  This showing can be made "'either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered reason is unworthy of credence.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062 (9th Cir. 2002). Ms. Walia presents no direct evidence of pretext, so she instead relies on circumstantial evidence to show that USPS's proffered reason for firing her (her performance) is unworthy of credence. (Mot. at 13.) A plaintiff that relies on circumstantial evidence must present evidence that is "both specific and substantial." *Villiarimo*, 281 F.3d at 1062.

21  Ms. Walia has not produced "specific and substantial" evidence sufficient to raise a genuine issue of material fact regarding pretext. Instead, she offers only opinions and

ORDER- 11

conclusory allegations that do nothing to show that Defendants' explanation for firing her is unworthy of credence. (*See* Mot. at 4, 12-13; Mittet Decl. Ex. 1 at 5, 9, 11-12.) For example, she argues that "Defendant papered Plaintiff's file with false statements from the supervisors . . . regarding her performance. A perusal of these statements clearly shows that they were fabricated false statements . . . ." (Mot. at 13-14.) She is referring to the numerous declarations filed by her supervisors attesting that she did not perform her work up to standards. These declarations are not false on their face, and Ms. Walia presents no evidence whatsoever to support her claim that they are false. Next, she argues that her performance evaluations were pretextual because she received both "satisfactory" and "unsatisfactory" evaluations for different performance categories, showing that she was succeeding in some areas but not in others. (Mot. at 13.) This does nothing at all to demonstrate pretext; the court rejects this argument. Finally, she contends without supporting evidence that (contrary to her testimony) she was fired for not completing her "scheme training." (*Id.*; Mittet Decl. Ex. 1 at 9.) She argues that this shows pretext because she is the only person who has been fired for this reason. (Mot. at 13.) Even notwithstanding the fact that Ms. Walia contradicts her own testimony, this argument misses the mark entirely. Defendants' evidence shows that Ms. Walia was not fired for any reason related to her scheme training, but that she was fired for poor performance. (*See* Decl. of Marion Mittet Exs. 5-9.; Decl. of Cheryl Cavanaugh; Decl. of Marirose Jabonero; Decl. of Carlos Mendoza; Decl. of Om Sharma.) Ms. Walia presents no evidence to rebut this.

There is no genuine issue of material fact with respect to Ms. Walia's retaliation claim, and Defendants are entitled to judgment as a matter of law. The court GRANTS summary judgment to Defendants on this claim.

### III.   CONCLUSION

For the foregoing reasons, the court GRANTS Defendants' motion for summary judgment and enters summary judgment in favor of Defendants on all claims before the court (Dkt. # 46.)

Dated this 30th day of January, 2013.

JAMES L. ROBART
United States District Judge